# CHARLESTON.

THE CITY OF WHEELING v. THE CHESAPEAKE & POTOMAC TEL. CO. OF WEST VA.

Submitted November 20, 1917.   Decided November 27, 1917.

COURTS—*Certification*—*Statute.*

> The sufficiency of a bill for an injunction, no plea competent to put that question in issue having been previously filed or disposed of by the circuit court, can not, under section 1, of chapter 135, of the Code, be properly certified to this court by the judge of the circuit court, based alone on his vacation order awarding the temporary injunction prayed for.

(POFFENBARGER, JUDGE, concurring).

Suit for injunction by the City of Wheeling against the Chesapeake & Potomac Telephone Company of West Virginia and others.   Questions certified.

*Response to questions certified declined for want of jurisdiction.*

*M. J. Cullinan, Jas. W. Ewing,* and *Frank W. Nesbitt,* for plaintiff.

*Caldwell & Caldwell, C. Walter Artz, Wm. G. Hamilton,* and *J. Bernard Handlan,* for defendants.

MILLER, JUDGE:

The question attempted to be certified by the judge of the circuit court of his own motion, pursuant to section 1, chapter 135, Code of West Virginia, 1916, is whether the bill is bad upon any of the numerous 'grounds certified.

This question, so far as the record shows, was not passed upon by the circuit court, or by the judge thereof, otherwise than by a vacation order, made in chambers on November 10th, 1917, on bill and exhibits, without other pleadings, but reciting appearance by and arguments of counsel for plaintiff and defendants, and awarding the injunction prayed for until the further order of the court, the same not to take effect except upon the plaintiff giving the bond prescribed in the order. No demurrer to the bill was interposed. One might have been tendered perhaps, but could not have been then actually filed and disposed of for the proceeding was in vacation and not in term. Section 12, of chapter 133, of our Code, as interpreted, gives right to a defendant, on motion made in vacation to dissolve an injunction, to present his verified answer, to be treated as an affidavit, but this is as far as our decisions go. *Goddin* v. *Vaughn,* 14 Grat. 102; *Hayzlett* v. *McMillan,* 11 W. Va. 464; *First National Bank* v. *Huntington Distilling Co.,* 41 W. Va. 530, 531; *McKell* v. *Collins Colliery Co.,* 46 W. Va. 625; *Zell Guano Co.* v. *Heatherly,* 38 W. Va. 409.

A question not presented by counsel in briefs or oral argument, but which we must raise and answer for ourselves, is one of jurisdiction. Does section 1, of chapter 135, of the Code, give us jurisdiction to dispose of the sufficiency of a bill upon the certificate of the judge, after the award of a preliminary injunction in vacation, as proposed in this case? We think not. The provision of the statute is: "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the court in which it arises,

and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back.''

Generally our jurisdiction is limited by statute to final judgments and decrees of the circuit courts. This provision of the statute was enacted, however, as an aid to the prompt and economical administration of justice, but as interpreted by section 5, of rule 1, of this court, it presupposes court action, and when involving the sufficiency of pleadings, the filing of pleas competent to put the question certified in issue and the previous judgment of the circuit court thereon, and this requirement in our opinion is not satisfied by orders or proceedings had in vacation. The statute says, the court in which it arises shall certify the question, not the judge in vacation, and the form of certificate prescribed by the rule of this court presupposes court action, not the vacation order of the judge.

True, said section 1, of chapter 135, provides for appeals from decrees or orders dissolving or refusing to dissolve injunctions, but the case presented is not one of appeal and the statute does not give an appeal from an order awarding, but only from one on motion dissolving or refusing to dissolve an injunction. *Goff* v. *Goff,* 54 W. Va. 364.

Wherefore, as there has been no decree or order of the circuit court upon any plea competent to put in issue the sufficiency of the bill, we must for want of jurisdiction decline at this time to respond to the questions certified.

Poffenbarger, Judge, *(concurring):*

I agree that we have no jurisdiction of the question certified. If the action of the court upon the bill had occurred in term, instead of in vacation, the result would be the same. The statute does not contemplate review, on a certificate, of the award or denial of relief on pleadings, either interlocutory or final. It goes to sufficiency of process and pleadings only. There should have been a demurrer to the bill and a ruling upon it. The ruling upon the application for the injunction only incidentally involved sufficiency of the bill. A bill might

be perfectly good and yet show no ground for an injunction. The award of an injunction implies sufficiency of the bill, of course, but it carries no implication that the question was even considered by the court. Sometimes, even basic questions of this kind are not raised nor suggested on applications for injunctions. Refusal of an injunction may or may not imply insufficiency of the bill. The statute authorizes certification of certain classes of questions, after decision thereof by the trial courts, but the order of the certifying court is the foundation of our jurisdiction in every instance; and, to the extent of its subject matter, it should be as certain and definite as any other judgment or decree. To obtain these qualities in the question certified, as well as to keep ourselves within the terms of the statute, it is necessary to require a ruling upon a direct and unequivocal challange of the bill, when the sufficiency of such a pleading is the question certified. Ordinarily, such a question can be raised only by a demurrer, either formal or informal.

*Response to questions certified declined for want of jurisdiction.*