# CHARLESTON.

COUNTY COURT OF RALEIGH COUNTY *v.* C. V. COTTLE *et als.*

Submitted October 8, 1918.    Decided October 22, 1918.

1. EQUITY—*Demurrer—Exceptions to Answers to Interrogatories.*

    Objections, in the form of exceptions, to the sufficiency of answers to interrogatories or of certain parts of an answer to a bill partake to some extent of the nature of a demurrer. (p. 745).

2. APPEAL AND ERROR—*Certified Questions—''Sufficiency of Pleadings''—Statutes.*

    Rulings by the lower court upon exceptions to answers to interrogatories appended to a bill in chancery do not raise a question as to the sufficiency of pleadings such as section 1, chapter 135 of the Code, authorizes to be certified to this court. (p. 745).

3. SAME.

    Though section 1, chapter 135 of the Code, permits rulings upon doubtful questions arising upon the sufficiency of pleadings to be certified to this court for review, the statute contemplates an unequivocal original ruling of the lower court as preliminary thereto. (p. 745).

4. SAME.

    Where the lower court, after ruling upon the sufficiency of certain claims for credits set up in the defendant's answer as a defense to plaintiff's bill, reserves for future determination in the final decree to be entered in the cause the right of defendant to the credits claimed, such ruling is not within the meaning of section 1, chapter 135, Code, and this court is without jurisdiction to pass upon it. (p. 746).

Certified Questions from Circuit Court, Raleigh County.

Bill for accounting by County Court of Raleigh County against C. V. Cottle and others. Exceptions to answers to special interrogatories propounded to defendant and to cer-

tain claims for credit overruled, and action certified to Supreme Court of Appeals.

*Dismissed for want of jurisdiction.*

*J. W. Maxwell,* for plaintiff.

*C. M. Ward,* for defendants.

Lynch, Judge:

Having finally overruled exceptions to the answers of C. V. Cottle, sheriff of Raleigh County for the four year term beginning January 1, 1909, to special interrogatories propounded to him by the county court of that county in its bill to require an accounting of the public funds derived from levies and other sources and collected by him, with the object of apportioning to the several bonds executed by him from time to time during such term with different sureties any balance found to be due and chargeable to him and each group of sureties, and having tentatively overruled exceptions to certain claims for credit set up by him in the main body of the answer, the circuit court *ex mero motu* certified to this court for its judgment the correctness of the action upon the exceptions.

The facts averred in the bill as the basis for the ultimate relief sought by the plaintiff appear fully in the opinion rendered upon a former appeal and reported in 81 W. Va. 469, 94 S. E. 948, and hence need not be restated. The information desired by the interrogatories to be embodied in the answers, which were held not to be amenable to the objections urged against them, was a disclosure (1) as to whether with the public funds collected by him as such sheriff Cottle bought and paid for the property described in a deed of trust executed by him to indemnify certain of the sureties on his official bond; (2) what part of such property has been sold pursuant to the terms of that deed; (3) whether any piece or part of such property was bought and paid for by him in whole or in part with funds that came into his hands as such officer during any one of the periods covered by the first three bonds, and if so in what period he acquired such funds and the amount thereof; (4) whether he kept the daily record

of receipts and disbursements as required by the statute regarding accounts of public officials, and, if so, where such record now is; (5) what actual assets or money was in his hands as treasurer ·of the county when he executed each of the three official bonds.

The items set forth in the body of the answer, the legal validity of which he asserted and asked to be allowed as credits in determining the balance actually due and subject to the payment of the orders drawn by the county court upon the funds of the county in his hands as such treasurer, are: (1) fifteen per cent. of the earnings incident to the administration of the office of county treasurer; (2) certain fines and costs against persons convicted of misdemeanors and sentenced to work upon the public roads of the county, which costs, the answer asserts, were paid by the persons so convicted and sentenced and charged to him in his settlements with the county court; (3) certain other items aggregating $749.29, which he says were for services rendered by him for the county court and allowed by it, a more detailed account of which items he says he cannot give, not being in possession of the canceled vouchers; (4) an item of $730.12, commissions on $14,464.28 of taxes levied by the county court for the fiscal year ending June 30, 1910, which commissions, though not allowed Cottle as credits in the settlement for that year, were allowed him afterwards by the circuit court upon certiorari. A copy of the order of the court making the allowance, though purporting to be exhibited with the answer, is not in the record before us.

By its final action the circuit court overruled all the exceptions, both to the responses to the interrogatories and to the various items of credit claimed by the respondent, as well as the motion of the county court, the plaintiff in the suit, to expunge the specific items of credit, but expressly reserved for future determination in the final decree to be entered in the cause the right of Cottle to the credits so claimed in the body of the answer.

The office or function of specific questions propounded by a party to any judicial proceeding, where such procedure is authorized by statute or sanctioned by ancient chancery prac-

tice, is to elicit direct, positive and unequivocal answers as to matters which the inquisitor deems material and pertinent to the issues involved in the litigation, and such as will aid him in reaching and the court in determining the real and vital merits of the controversy; and to this end to search the conscience of the adversary party. Though in some jurisdictions interrogatories are not deemed and treated as part of the pleadings, as in Iowa and perhaps other states, they are so considered in this state without question or dispute. See also *Cates v. Thayer*, 93 Ind. 156. Yet strictly speaking they are not pleadings. Technically and alone they allege nothing, assert nothing, claim nothing as a foundation for the relief sought. They are predicated essentially upon the allegations of the pleadings, and require a definite, unevasive and frank response by the party to whom they are addressed specifically. Yet their functional purpose is to furnish such information in the nature of evidence as will tend to aid or support the claim for relief or the defeat of such relief as will serve the purpose of the litigant propounding the questions and invoking the answers. Yet he may or may not, as advised, use the information thus sought and obtained. Hence, since the chief purpose of interrogatories is to elicit answers more definite than could perhaps otherwise be obtained, and from the facts thus disclosed in advance of the hearing enable the interrogator better to prepare his case, and since it is not their chief purpose to aid in reaching an issue on the pleadings, we hold that the interrogatories and answers thereto do not raise a question of the sufficiency of pleadings such as §1, ch. 135, Code, authorizes to be certified to this court.

As to the action of the court upon the other exceptions and the motion to strike, the court by reserving the right to determine and by its final decree to adjudicate all questions of law and fact regarding such claims, had not, as we think, acted at all thereon as contemplated by the section and chapter just referred to. True that court overruled the challenge to the sufficiency of the pleading in these particulars, but its action was merely tentative. The order taken in its entirety does not purport to determine anything as regards the pro-

priety or legality of the credits claimed by Cottle in his answer. The determination of his right thereto is held in abeyance. The court may or may not hereafter allow them. What course as to them will be taken we do not know; perhaps the judge of the lower court does not know. There is not in the decree the slightest element savoring of finality or indicative of opinion regarding the questions raised by the exceptions and motion. The reservation precludes the possibility of ascertaining the ultimate extent, object and effect of the postponed adjudicaton.

Frequently, it is true, after a full consideration of all questions arising upon the pleadings and proof, the court may reconsider and sustain a demurrer which it had theretofore overruled, if the bill does not state a cause for relief or imperfectly states a good cause therefor, and may dismiss the suit or grant leave to amend the pleading, if amendable, as justice and equity may require. In other words, there is a degree of tentativeness in rulings on demurrers, of the nature of which objections to answers to interrogatories or to some parts of an answer to a bill partake. But in any event there must be a ruling, and if there be none and there is a decree upon the merits, the appellate court will treat the demurrer as overruled by implication. In either case it will affirm or reverse as its conception of the justice and merits of the cause dictates. Our statute allowing rulings upon doubtful questions arising upon the sufficiency of pleadings to be certified contemplates, as we think, unequivocal original action before its rulings can properly be certified to this court. As somewhat apropos see majority and concurring opinions in *Wheeling* v. *Ches. & Pot. Tel. Co.*, 81 W. Va. 438. Though the circuit court did make such ruling in the first instance, the reservation in the order neutralized and destroyed the effect thereof.

For these reasons we dismiss the cause for want of jurisdiction.

*Dismissed for want of jurisdiction.*