## CHARLESTON.

Homer C. Posten *v.* Baltimore & Ohio Railroad Co. *et al.*

Submitted April 17, 1923.    Decided April 24, 1923.

1. Appeal and Error—*Order Dismissing One Defendant Reviewable on Writ of Error Only, and not on Certificate.*

In an action at law, an order of the circuit court dismissing one of the parties defendant is in the nature of a final

order, and is reviewable in the Supreme Court upon writ of error only, not upon certificate under the last paragraph of section 1, chapter 135 of the Code.   (p. 616).

2.  SAME—*Certified Question on Motion to Dismiss not Considered, Where There is no Decision on Challenge to Declaration.*
    Where in an action at law, the circuit court sustains a motion to dismiss one of the parties defendant, but later, during the same term, sets aside the order of dismissal, and enters no further order except to certify to this court the question arising upon the motion to dismiss, there has been no decision by the circuit court upon a challenge to the declaration; and this court will not, under rule 1 of the court pass upon the question certified.   (p. 617).

Case Certified from Circuit Court, Marion County.

Action by Homer C. Posten against the Baltimore & Ohio Railroad, Company and others.   On certified questions. Dismissed.

*H. S. Lively*, for defendants.

MEREDITH, JUDGE:

The Circuit Court of Marion County, on its own motion, certifies to this court for review certain questions arising on the sufficiency of plaintiff's declaration.

The action is for the recovery of damages for personal injuries sustained by plaintiff while attempting to cross certain tracks of the Baltimore and Ohio Railroad Company, at or near a highway crossing in the town of Lumberport, Harrison County. The declaration sets out the circumstances giving rise to the accident and alleges various acts and omissions said to constitute negligence on the part of defendants, which acts and omissions, it is averred, were the proximate cause of the injuries sustained.

Two defendants are named; the Baltimore and Ohio Railroad Company, a corporation, and Walker D. Hines, Director General of Railroads, and the declaration alleges that they were operating the railroad in May, 1919, when the accident occurred and that they are guilty of the acts of negligence complained of.   Defendant objects to the joining of the railroad company and the Director General as defendants in the same action, and it is upon this question alone

which the circuit court would have us pass on this review. It comes before us on the following certificate.

"The Circuit Court of said County, of its own motion, hereby certifies to the said Supreme Court of Appeals that on the declaration of the plaintiff, Homer C. Posten, the following points of law have been made:

The defendant, Baltimore and Ohio Railroad Company, moved the Court to dismiss this action as to it, the said Baltimore and Ohio Railroad Company, on the ground that the alleged cause of action set forth in the declaration, if any such cause of action there was or is, is shown by said declaration to have arisen during the period of Federal control of railroads, when the said Baltimore and Ohio Railroad was in possession, use, control and operation of the President of the United States, acting by and through the Director General of Railroads, and consequently was not liable in the premises.

A certified copy of said declaration, on which the judgment of your Honors is desired, together with a copy of the Court's decision upon such question, is herewith presented."

Can this court consider the question in controversy upon the certificate quoted? We think the very general misapprehension on the part of the bar as to the practice of this court in reviewing certified cases under section 1 of chapter 135 of the Code justifies us in going into this matter in some detail. To do so in this case, it is necessary that we call attention to the pleadings appearing in the record.

At August 1920 Rules, plaintiff filed his declaration. We have already noted its salient parts insofar as the present controversy is affected. Counsel for defendants having suggested on the record that James C. Davis, the then Director General of Railroads, be substituted for Walker D. Hines, resigned, the court on November 28, 1921, entered an order making the substitution and directed that the case proceed against the said James C. Davis, Director General, as aforesaid. On the same day, and in the same order, the court sustained the further motion of defendants' counsel that the action be dismissed as to the Baltimore and Ohio Railroad

Company, on the ground set out in the certificate above. The paragraph of the order sustaining the motion for dismissal concludes as follows:

> "And the court having maturely considered the matters of law arising upon said motion, is of opinion that it is well taken, and doth accordingly sustain the same, and doth hereby dismiss this action as to the said Baltimore and Ohio Railroad Company. And it is considered by the Court that the said Baltimore and Ohio Railroad Company do recover of and from the plaintiff, Homer C. Posten, its costs about its defense of this action in this behalf expended."

Though the record is silent as to this court's disposition of the circuit court's certification of the question arising on the dismissal order, the brief of defendants' counsel informs us that the clerk of this court notified them by letter that since the order of dismissal complained of was final in character it was therefore reviewable here only by writ of error, and that he therefore returned the record to the office of the circuit clerk. Clearly, that is all that could have been done under our statute, which makes no provision for certifying to this court a circuit court's ruling in entering final orders. "The correctness of the ruling of a trial court sustaining a demurrer to a bill, but not dismissing it, may properly be considered by this court upon certificate, as authorized by section 1, ch. 135, Code; but the court will not consider that part of the order dismissing from the suit one or more, but not all, of the parties defendant, such action being final as to them, and, if erroneous, correctable only upon appeal." *Heater* v. *Lloyd,* 85 W. Va. 570, 102 S. E. 228.

The letter returning the record seems to have been dated December 12, 1921. In order therefore to bring the case within the purview of the statute, and the rules of this court, the circuit court, on February 11, 1922, during the same term at which the order of dismissal was entered, at the plaintiff's motion, and over the defendant Railroad Company's objection, entered an order vacating and setting aside so much of the order of November 28, 1921, "as dismisses this action as to the defendant, the Baltimore and Ohio Rail-

road Company,—that part of said order having been inadvertently and by mistake included in the order entered on that day sustaining the demurrer of said Baltimore and Ohio Raliroad Company to plaintiff's declaration'', but ordered further ''that said order of November 28, 1921, in all other respects (including the certifying of the question of the sufficiency of said declaration as to said Railroad Company to the Supreme Court of Appeals)'' should remain in full force and effect.

That was the last order entered, and it is upon this record that we are called upon to pass upon the sufficiency of the declaration and to determine whether the two defendants named were properly joined as parties to the action.

The last paragraph of section 1, chapter 135 of the Code reads:

> Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the Supreme Court of Appeals, may, in the discretion of the court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the Supreme Court of Appeals for its decision and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. The forms of the certificates of such questions, as well as the time and manner of the hearing and notice thereof and the portion of the record to be sent up, shall be prescribed by the Supreme Court of Appeals; but such hearings shall have precedence over those arising upon appeals and writs of error.''

In pursuance of this section this court on January 31, 1920, published its rules of practice for the guidance of counsel and litigants. Section 4 of Rule 1 is as follows:

> "*Status of Question or Questions Certified*: No question or questions shall be certified under the provisions of section one of chapter one hundred and thirty-five of the Code, as amended by chapter sixty-nine of the Acts of the Legislature of 1915, until

> after decision thereof by the trial court, and such decision shall be certified with the question or questions.''

Section 5 of the same rule prescribes the form of certificate. It in part reads:

> ''A certified copy of said summons, (return, or pleadings, as the case may be, or so much thereof as may be necessary to present the point made against it), and of the affidavits, documents, etc., filed in support thereof, (if any), on which the judgment of your honors is desired, together with a copy of the court's decision upon such question or questions, is (or are) herewith presented.''

It will be seen from the sections of the statute and the rules quoted that the approach to this court by way of certificates has been narrowly restricted and limited. It is open in only three instances: (a) to questions arising upon the sufficiency of a summons, (b) or return of service, or (c) challenge to the sufficiency of a pleading. Obviously, if the present case is to come within the rule it must arise upon a challenge to the sufficiency of the plaintiff's pleading, that is, his declaration; and by the rule prescribed by this court it must come here after the circuit court has ruled upon that challenge.

Have these conditions been complied with? A motion to dismiss one defendant was filed and sustained, but later the order sustaining it was vacated and set aside. The motion was not, however, overruled by the later order and, so far as we can ascertain, were it not for the attempted certification here it would still be before the circuit court for a ruling. Therefore, even though we should concede that the motion to dismiss was a sufficient challenge to the plaintiff's declaration—and bear in mind that if sustained it would be in the nature of a final order and therefore not reviewable except by writ of error—where is the decision by the trial court which the rules of this court require? Certainly, there has been none, and there being none, we can not assume jurisdiction. ''Wherefore, as there has been no decree or order

of the circuit court upon any plea competent to put in issue the sufficiency of the bill, we must for want of jurisdiction decline at this time to respond to the questions certified." *City of Wheeling* v. *Telephone Co.*, 81 W. Va. 438, 94 S. E. 511.

Our position in this is somewhat foreign to the arguments advanced in defendant's brief. For some reason counsel have presented this case as if the question arose upon demurrer. They state that the sole question before the court is whether the circuit court erred in sustaining the defendant company's demurrer to plaintiff's declaration. Yet, as we have shown, neither the pleadings, orders nor certificate disclose that any demurrer was filed. True, the final order in an indirect way refers to the prior order as sustaining the demurrer to plaintiff's declaration, but an inspection of that order shows that no such action was mentioned.

The record shows no demurrer and we cannot assume merely from argument that one was interposed.

For the foregoing reasons we are without jurisdiction to consider the question raised.

*Dismissed.*