HARPER v. LOWE.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—EVIDENCE.
   In proceeding against widower and estate of his deceased wife who together owned two office buildings incident to operation of which they had accepted the workmen's compensation act and maintained insurance, for death of employee, a dairyman on their 67-acre estate occupied as a home and not conducted for profit, finding of department of labor and industry that such estate was owned by both defendants and not alone by widower who had not personally accepted provisions of workmen's compensation act *held*, without supporting evidence.

2. SAME—BURDEN OF SHOWING EMPLOYMENT.
   In order to recover workmen's compensation, the plaintiff has the burden of showing employment by employers liable under the workmen's compensation act.

3. HUSBAND AND WIFE—GRANTEES—TENANCY BY ENTIRETIES.
   Generally, husband and wife as grantees take by the entireties.

4. WORKMEN'S COMPENSATION—BURDEN OF SHOWING EMPLOYMENT —TENANCY BY ENTIRETIES.
   In proceeding to recover workmen's compensation by widow of deceased dairyman on 67-acre country estate occupied as a home and not conducted for profit, burden of showing employment by both widower and estate of his deceased wife who, together, carried workmen's compensation insurance incident to their ownership and operation of two office buildings is upon plaintiff, and since husband and wife as grantees generally take by the entireties, widower, who had not personally accepted the provisions of the workmen's compensation act, is assumed to be sole employer in absence of evidence supporting finding to the contrary by the department of labor and industry.

5. SAME—PURPOSE OF THE ACT—BURDEN OF INJURIES.
   The purpose of the workmen's compensation act is to require industry to bear the burden of injury to employees, but it expressly excepts household domestic servants and farm laborers (2 Comp. Laws 1929, § 8408).

6. SAME—BUSINESS—CONDUCT OF A HOME.

Since in ordinary parlance the word ''business'' means a commercial and profit-seeking occupation, its use in workmen's compensation act extending protection of act to all employees of all businesses of an accepting employer, does not cover the employment of a dairyman at a country home especially in view of the express exception of household domestic servants and farm laborers (2 Comp. Laws 1929, §§ 8408, 8412).

7. SAME—DAIRYMAN—FARM LABORER—WATCHMAN.

Man employed as dairyman on 67-acre estate operated as a home and not conducted for profit *held*, a farm laborer notwithstanding that a portion of his daily duties required him to guard the property against damage and trespassers, and since the right of an employee to compensation depends upon the kind of work he is employed to do and farm laborers are excepted from provisions of the act, his widow may not recover workmen's compensation thereunder (2 Comp. Laws 1929, § 8408).

8. SAME—ACCEPTANCE OF ACT.

Widow of deceased employee *held*, not entitled to recover compensation where there is no evidence he was employed jointly by both defendants who carried workmen's compensation incident to ownership and operation of two office buildings and defendant employer for whom deceased worked as dairyman at country home had not personally accepted the compensation act.

9. SAME—ACCEPTANCE OF ACT—''EMPLOYER'' CONSTRUED.

Acceptance of workmen's compensation act by employer consisting of two or more individuals engaged in a joint enterprise does not *ipso facto* extend protection of act to all of the other ''businesses'' of the individual members especially to their personal business such as conducting a country estate as a home in the absence of plain language of the statute which otherwise treats the employer, whether person, firm or corporation, as an entity (2 Comp. Laws 1929, §§ 8411, 8412).

Appeal from Department of Labor and Industry. Submitted July 7, 1935. (Docket No. 63, Calendar No. 38,360.) Decided September 9, 1935.

Jennie F. Harper presented her claim against Edward Lowe and the estate of Susan Blodgett Lowe, alleged employers, and Indemnity Insurance Company of North America, insurer, for compensation for alleged accidental injury causing death of her husband, Alexander Harper, while in defendants' employ. Dismissed as to defendant insurance company. Award to plaintiff. Defendant employers appeal. Reversed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Bishop & Weaver* and *Butterfield, Keeney & Amberg,* for defendants.

FEAD, J. Edward Lowe and estate of Susan Blodgett Lowe, his deceased wife, owned and operated two office buildings in Grand Rapids. In connection therewith, they accepted the workmen's compensation law and maintained insurance. Their application and insurance policy specifically referred to the location of the office buildings.

Edward Lowe occupies as a home, "Holmdene," just outside Grand Rapids. It is an estate of 67 acres, with a 40-room house and other buildings, upon which he employs labor, including household domestic servants, gardener and dairyman. The products of the estate are used personally, not sold, and it is not conducted for profit.

Alexander Harper was employed as a dairyman to tend the cows and care for the stable on the estate. Part of his duty was to be at the house one hour a day while the regular watchman was absent for meals or otherwise. He had angina pectoris for many years. On April 12, 1934, while milking a cow, he fell to the ground and died instantly. His widow filed application for compensation upon the claim that, while on the estate, Harper had slipped and

fallen some 20 days before and the accident had caused his death.

Lowe personally had not accepted the provisions of the workmen's compensation act. No notices of acceptance were posted on the estate. No insurance on employees had been effected in connection with it.

At the hearing before the deputy commissioner, defendants and the insurance company appeared specially and challenged the jurisdiction of the department upon the ground that the title to Holmdene had been in Lowe and his wife by the entireties, upon her death in 1931 he became sole owner and sole operator and Harper was employed by Lowe, not by defendants. The motion to dismiss was supported by affidavit. The deputy dismissed the proceedings against the insurance company, refused to rule upon jurisdiction as to these defendants and proceeded with hearing on the merits. He refused award upon the ground that defendants were not subject to the compensation act in connection with the injury. Plaintiff appealed and the award of the deputy commissioner was reversed and compensation allowed.

The commission held, without any evidence to contradict the showing made on the motion or to support the finding, that defendants together were owners of Holmdene, that, when Mrs. Lowe died, her interest vested in her estate and that Harper was employed by both defendants. There being no evidence to sustain the finding, it being the general rule that husband and wife as grantees take by the entireties, and plaintiff having the burden of proof of showing employment by defendants, we must assume that Lowe was the sole owner and operator and Harper's employer.

The application for benefit of the workmen's compensation law made by defendants contains the fol-

lowing in the words of the statute, added to the original act by amendment (Act No. 113, Pub. Acts 1929), 2 Comp. Laws 1929, § 8412:

"That such employer accepts the provisions of this act for all his businesses, and to cover and protect all employees employed in any and all of his businesses, including all businesses in which he may engage and all employees he may employ while he remains under this act."

Plaintiff contends that "business" is to be given the broad construction of embracing anything about which a person is employed or any occupation in which he is engaged, even to the "business of life." She also wrests "all employees he may employ" from the context of businesses and contends that, upon acceptance of the act, the home employees also are covered by it. If the legislature so intended, it expressed itself poorly. The purpose of the act is to require industry to bear the burden of injury to employees. It expressly excepts household domestic servants and farm laborers. 2 Comp. Laws 1929, § 8408; *Bates* v. *Shaffer*, 216 Mich. 689; *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577. In ordinary parlance, "business" means a commercial and profit-seeking occupation.

In view of the repeated use of the word "businesses" in the amendment, we cannot conceive that the legislature intended to change the purpose of the act and destroy the exception. The conduct of a home is not a business within the meaning of the provision.

The right of an employee to compensation depends upon the kind of work he is employed to do. *Shafer* v. *Parke, Davis & Co., supra.* Harper's work was not in connection with the business of the em-

ployer, was, strictly speaking, not that of a domestic household servant but was, in character, the work of a farm laborer. It did not change its character because for a short time each day his duties required him to guard the property against damage and trespassers. Such duty was not foreign to farm work.

In *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580, it was held that the act extends to all the businesses of the accepting employer although the application and insurance policy may specify particular locations. The case is not controlling here. The "employer" who accepted the act consisted of the two defendants, jointly engaged in a common enterprise. Lowe had not accepted the act for his personal business. Plaintiff's contention that the acceptance extended to the private affairs of Lowe would result in the construction that acceptance of the act by a partnership or a voluntary association of persons would extend it to all the other "businesses" of all the individual members. Such construction is contrary to the provisions of the act, particularly 2 Comp. Laws 1929, § 8411 (2), which treat the employer, whether person, firm or corporation, as an entity. The complications and confusion which would result from plaintiff's construction would be too serious to permit its adoption in the absence of plain language.

Reversed.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.