HARRIETT WEATHERFORD

*v.*

MRS. JOHN Y. ARTER, SR.

(CC 774)

Submitted January 16, 1951.    Decided February 15, 1951.

*W. Hayes Pettry,* for plaintiff.

*Kay, Casto & Amos, John S. Haight,* for defendant.

HAYMOND, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Kanawha County by the plaintiff, Harriett Weatherford, to recover from the defendant, Mrs. John Y. Arter, Sr., damages for personal injuries sustained by the plaintiff as the result of the alleged negligence of the defendant.

The declaration contains three separate counts. The substance of each count is that the defendant occupies and maintains a residence in the City of Charleston; that she employed the plaintiff for a period of approximately five months during the year 1949 to nurse and attend the defendant's husband, who was ill and confined to his room on the second floor of the residence; that in the performance of her duties the plaintiff was required to go to the kitchen on the first floor of the building to obtain from a refrigerator food for the husband of the defendant; that a maid employed by the defendant in cleaning the floor of the kitchen, caused water, soap and other slippery substances to accumulate and remain upon the floor of the kitchen which rendered the floor dangerous and unsafe; that, on August 23, 1949, the plaintiff, without knowing the dangerous and unsafe condition of the floor, while walking upon it, because of the slippery substances, and without fault upon her part, fell, and in so doing, sustained severe and permanent injuries to her person; that the defendant negligently failed to furnish and maintain a safe place for the plaintiff to engage in the performance of her duties; that her injuries were caused by this negligence of the defendant; that the defendant, in her employment of the plaintiff, was an employer subject to the provisions of the Workmen's Compensation Law of this State, and that, because of her failure to pay to the Workmen's Compensation Fund the premiums provided by law, the defendant became liable to the penalties imposed by that statute.

The written demurrer filed by the defendant assigned only two grounds: (1) The declaration, in each count, fails to show that the defendant is an employer engaged in any form of industry or business within the meaning of the Workmen's Compensation Statute of this State; and (2) the defendant is expressly excluded from the provisions of that statute.

By order entered July 28, 1950, the Circuit Court sustained the demurrer of the defendant to the declaration and each of its counts for the stated reason that the de-

fendant is not a person "regularly employing other persons for the purpose of carrying on any form of industry or business in this State" within the meaning of Chapter 23, Article 2, Section 1 of the Code of West Virginia, as amended.

On joint application of the parties, the Circuit Court certified to this court these two questions: (1) Whether the declaration, in each of its counts, fails to show that the defendant was engaged in any form of industry or business in this State within the meaning of the West Virginia Workmen's Compensation Statute, Chapter 23, Article 2, Section 1 of the Code of 1931, as amended; and (2) whether the defendant is specifically excluded from the provisions of that statute by the language of Chapter 23, Article 2, Section 1 of the Code of 1931, as amended.

The challenge to the legal sufficiency of the declaration is limited to the first certified question, and other questions that may be decisive of the sufficiency of each count of the declaration in stating a cause of action are not presented by the certificate. Consideration of the statute, Section 2, Article 5, Chapter 58, Code, 1931, indicates that the general purpose of the Legislature in enacting it was to enable this Court to determine upon certificate all questions involving the sufficiency of a summons, a return of service, or a pleading which affect or control the final disposition of a case before vexatious costs are incurred or needless delays occur in its ultimate and complete determination. *State* v. *Houchins*, 96 W. Va. 375, 123 S. E. 185; *City of Wheeling* v. *The Chesapeake and Potomac Telephone Company of West Virginia*, 81 W. Va. 438, 94 S. E. 511.

No question as to the sufficiency of the declaration, or any of its counts, aside from the two questions certified, has been raised upon the demurrer or presented by the certificate, and neither question certified is decisive of the sufficiency of the declaration in its entirety. The statute, however, expressly provides that "Any question arising upon the sufficiency of a summons or return of service,

or challenge of the sufficiency of a pleading, in any case within the appellant jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, * * *." The statute contemplates an unequivocal original ruling by the trial court in any case certified to this Court and only such questions as have been decided by the trial court and by it certified here may be considered, upon certificate, by this Court. *City of Wheeling* v. *The Chesapeake and Potomac Telephone Company of West Virginia,* 81 W. Va. 438, 94 S. E. 511; *County Court of Raleigh County* v. *Cottle,* 82 W. Va. 743, 97 S. E. 292; *Posten* v. *Baltimore and Ohio Railroad Company,* 93 W. Va. 612, 117 S. E. 491; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E. 2d 801. In *Cook* v. *Collins,* 131 W. Va. 475, 48 S. E. 2d 161, this Court, discussing generally its appellate jurisdiction, used this pertinent language: "This Court, having no original jurisdiction of this cause and acting only as an appellate court, will not consider nonjurisdictional questions not acted upon by the trial court. *Highland* v. *Davis,* 119 W. Va. 501, 516, 195 S. E. 604; *Nuzum* v. *Nuzum,* 77 W. Va. 202, 206, 87 S. E. 463. To consider and decide nonjurisdictional questions in this Court, not acted upon by the trial court, would be the assumption of jurisdiction by this Court which it does not possess." In consequence, the only action of the circuit court which may be considered and reviewed upon the present certificate is its ruling in sustaining the demurrer to the declaration upon the basis of the first question certified.

In order to determine the correctness of the ruling of the circuit court upon that question, it is necessary to ascertain the meaning of the words "industry" and "business" which appear in Section 1, Article 2, Chapter 23 of the Code of 1931, as amended, as used in that provision of the statute. The pertinent portion of that section is in these words: "All persons, firms, associations and corporations regularly employing other persons for the pur-

pose of carrying on any form of industry or business in this State, * * *, are employers within the meaning of this chapter and subject to its provisions." The term "industry", in its common or ordinary sense, means any department or branch of art, occupation, or business conducted for a livelihood or for profit and it applies especially to a distinct branch of trade in which labor and capital are extensively employed. See Black's Law Dictionary, Third Edition, Page 956. The term has been defined as "Any department or branch of art, occupation, or business; esp., one which employs much labor and capital and is a distinct branch of trade." Webster's New International Dictionary, Second Edition, Unabridged, G. & C. Merriam Company, 1940, Page 1271. The term "business" is sometimes given a broad meaning and is also used in a narrower sense. When used in its broad sense, it is said to embrace everything with respect to which a person can be employed. The word is often synonymous with calling, occupation, or trade, engaged in for the purpose of obtaining a livelihood, or profit or gain. 12 C. J. S., Business, Pages 762 to 768; Black's Law Dictionary, Third Edition, Page 260; Webster's New International Dictionary, Second Edition, Unabridged, G. & C. Merriam Company, 1940, Page 362.

Manifestly the terms "industry" and "business", as used in the above quoted statute, mean, and relate to, an occupation or an employment engaged in for the purpose of obtaining a livelihood or for profit or gain. It is obvious that neither word, as used in the statute, embraces or applies to a residence occupied by a person as a home. The operation or the maintenance of a residence, used and occupied as a home, does not produce a livelihood or profit or gain. The purpose of the Workmen's Compensation Statute is to require industry to bear the burden of injury to employees; and the conduct of a home is not industry or business within the meaning of the statute. See *Harper* v. *Lowe*, 272 Mich. 331, 262 N. W. 260. The defendant, in employing the plaintiff to nurse and attend the husband of the defendant while the defendant and her husband were living in and occupying the residence as a

home, was not subject to the provisions of the statute and was not required to become a subscriber to the Workmen's Compensation Fund.

The second certified question involves the character of the services performed by the plaintiff in nursing and attending the husband of the defendant. On that point the defendant contends that the services rendered by the plaintiff were not professional, but domestic, in character, and that the defendant, in employing a person who performs domestic services, is expressly excluded from the operation of the Workmen's Compensation Statute by the phrase in Section 1, Article 2, Chapter 23, Code, 1931, as amended, "Provided, however, that this chapter shall not apply to employers of employees in domestic services * * *." The second certified question, however, was not passed upon by the circuit court; and for that reason it is not considered upon the present certificate and no opinion is entertained or expressed concerning the nature of the services performed by the plaintiff.

As no question which involves the sufficiency of the declaration on any ground other than that presented by the first question certified has been passed upon and certified by the circuit court, the sufficiency of each count of the declaration, independently of its allegations that the defendant, as an employer of the plaintiff, is subject to the provisions of Section 1, Article 2, Chapter 23, Code, 1931, as amended, can not be, and is not, considered or decided upon this certificate.

The ruling of the circuit court in sustaining the demurrer to the declaration, upon the basis of the first question presented by the certificate, is affirmed.

*Ruling affirmed.*