Vincent D. Damiani, J.
Defendant moves for summary judgment dismissing the first cause of action alleged in the complaint pursuant to rule 3212 of the Civil Practice Law and Buies.
Plaintiff, a licensed practical nurse, was employed by one Gwladys Jones, now deceased, in that capacity. In the course of her employment at the home of the decedent she was caused to fall and sustain personal injuries, resulting from an alleged defective condition of the bathroom floor. The second cause of action is based on common-law negligence and is not involved in this motion. The first cause of action is based on an alleged failure of the decedent to provide workmen’s compensation coverage for the plaintiff, who alleges that she was an employee of the decedent, and as such, was entitled to that protection. The facts stated in the complaint and affidavits submitted on this motion do not reveal the existence of a relationship of master and servant, which is a prerequisite to liability sought to be alleged in the first cause of action: “ a trained nurse called in on a special case is not in the service or the servant of the employer. She is a professional person like a physician, *905 employed to exercise her calling to the hest of her ability according to her own discretion”. (Matter of Renouf v. New York Cent. R. R. Co., 254 N. Y. 349, 350-351.)
The court is of the opinion that the first cause of action has no merit and accordingly defendant’s motion for summary judgment is granted, the first cause of action is severed and dismissed.