Barlow NELSON, as Conservator of Woodrow Estel, No Insurance, Petitioner,

v.

Millie Luella BRADSHAW, and The Workers' Compensation Court, Respondents.

No. 73091.

Court of Appeals of Oklahoma, Division No. 1.

April 24, 1990.

James R. Elder, Tulsa, for petitioner.

James E. Lowell, Tulsa, for respondents.

## OPINION

GARRETT, Presiding Judge:

Millie Luella Bradshaw (Claimant) filed her Form 3 in the Workers' Compensation Court on December 13, 1988, alleging she sustained an accidental injury arising out of and in the course of her employment with Barlow Nelson, (Employer), Conservator of Woodrow Estel (Mr. Estel). She alleged her injury was in the nature of "hernias, strain/sprain", with injury to her back, right hip, and groin, and that the accident occurred when she was helping her patient to the bathroom. Employer moved to dismiss the case, contending that Claimant did not come within the Workers' Compensation Act (the Act) because of the exclusions found at 85 O.S.1981 §§ 2.1, 2.5, and the definition of employment in 85 O.S.Supp.1988 § 3(5).[1] The trial court

---

1.  85 O.S.1981 § 2.1(1) provides:

Commencing January 1, 1979, compensation provided for in the Workers' Compensation Act shall be payable to an employee for injuries arising out of and in the course of his employment. The Workers' Compensation Act shall not apply to the following employees:

1.  Any person who is employed as a domestic servant or as a casual worker in and about a private home or household, which private home or household had a gross annual payroll in the preceding calendar year of less than Ten Thousand Dollars ($10,000.00) for such workers.

85 O.S.1981 § 2.5 provides:

The Workers' Compensation Act shall not apply to any person who is providing services in a medical care or social services program, or who is a participant in a work or training program, administered by the Department of Human Services, unless the Department is required by federal law or regulations to provide workers' compensation for such person. This section shall not be construed to include nursing homes.

85 O.S.Supp.1988 § 3(5) provides:

found Claimant was hired as a private nurse and was covered by the Act.

■ Employer contends that there is an abundance of evidence, through Claimant's own testimony, showing her to be a "domestic servant". Employer directs us to testimony that Claimant did other duties besides nursing, such as cooking, cleaning and running errands. Employer also contends Claimant did not rebut the evidence that the payroll of the household did not exceed $10,000.00, and that there was no payroll at all "for such employees", as provided by 85 O.S.1981 § 2.1(1).

Although there was evidence that Claimant did housekeeping chores, she testified she was hired to take care of Mr. Estel "in a nursing capacity". She gave him medication, took his vital signs, watched him constantly and took care of a fungus condition on the bottom of his feet. We agree with Claimant that the domestic chores performed by Claimant were incidental to the nursing duties which she was hired to do, and did perform. The record discloses that she lived in the home where she was employed and, in effect, was on duty 24 hours a day for 5 days a week. The term "casual worker" obviously does not apply to this claimant.

Employer next contends the Act excludes Claimant from coverage under 85 O.S.1981 § 2.5. We hold that § 2.5 applies to medical care and/or social services programs administered by the Department of Human Services. There was no evidence that Claimant's employment was administered by that Department. She was hired by Mr. Nelson, as conservator of Mr. Estel, as a private nurse. Section 2.5 is inapplicable to this case.

■ Finally, Employer contends that under the definition of "employment" in 85 O.S.1981 § 3(5), Claimant was not engaged in a covered employment. He argues that the evidence is undisputed that there was no "trade, business, occupation or activity carried on" by Mr. Estel "for pecuniary gain". We cannot accept the view that the lack of activity carried on for pecuniary gain was meant to be the only criteria for determining coverage. The entire Act, and its various provisions, must be considered to determine its meaning.

Under 85 O.S.1981 § 2.1(1), all employees hired in private homes as domestic servants in households with a payroll *over* $10,-000.00 for such workers, are covered, although there would be no pecuniary gain to their employers. The Legislature will not be presumed to have have done a futile act in enacting or repealing a statute. Under a literal interpretation of the definition of "employment" in § 3(5), domestic servants would always be excluded, despite the fact that § 2.1(1) does include them when the household payroll exceeded $10,000.00 in the preceding calendar year.

Prior to 1986, the Act provided for employments to be included in the Act, under 85 O.S.1981 § 2. In 1986, § 2 was repealed. The Act was then left with 85 O.S.1981 §§ 2.1–2.5, providing for employments which are exempted from coverage, and § 2b, specifically providing for coverage for certain public employees. 85 O.S. 1981 § 2.1 contains the language: "Commencing January 1, 1979, compensation provided for in the Workers' Compensation Act shall be payable to an employee for injuries arising out of and in the course of his employment." Then, § 2.1 goes on to exclude specific employees. It follows, and we hold that any employment is covered by Oklahoma's Workers' Compensation Act *unless* it is specifically excluded.

■ The record and the briefs are silent as to whether Claimant is licensed pursuant to 59 O.S.1981 § 567.2. She testified that she had been a private duty nurse for 24 years. The duties described by the evidence before this Court constitute "The practice of practical nursing" as defined by statute. See 59 O.S.Supp.1984 § 567.3(3)(a).

"The practice of practical nursing" is not excluded from being a "covered employ-

(5) "Employment" includes work or labor in a trade, business, occupation or activity carried on by an employer for pecuniary gain or any

authorized voluntary or uncompensated worker rendering services as a firefighter, peace officer or civil defense worker.

ment" by our Workers' Compensation Act, unless it is an employment included within the term "domestic servant". Incidentally, a "domestic servant" is not excluded from coverage if the gross annual payroll for such employees in the preceding calendar year was $10,000.00 or more. No issue is presented with reference to the gross annual payroll. The issue before us is whether this nurse was a domestic servant. This appears to be a case of first impression in Oklahoma. Out of state authority is both scarce and in conflict.

In *McCallister v. Workers' Comp. Appeals Bd.*, 61 Cal.App.3d 524, 132 Cal.Rptr. 527 (1976), it was held that the employment of practical nursing (the care of an elderly invalid) was a covered employment, and not within an exemption for "household domestic service". A nurse's aide hired by a private household was held to be covered by workmen's compensation. See *Melnick v. Industrial Comm'n*, 656 P.2d 1318 (Colo.App.1982). For cases apparently adopting a contrary rule, see: *Weatherford v. Arter*, 135 W.Va. 391, 63 S.E.2d 572 (1951), and *McCrory v. Thomas*, 40 Misc.2d 904, 244 N.Y.S.2d 111 (1963).

We do not think the Legislature contemplated a person engaged in "The practice of practical nursing", for which a professional license is required, to be the same as a "domestic servant". Because Claimant's employment as a private or practical nurse is not expressly excluded by the Workers' Compensation Act, we hold she was engaged in a "covered employment", and she is entitled to compensation.

Our inquiry in any review proceeding is whether the order of the Workers' Compensation Court is supported by law and by any competent evidence. See *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). There was evidence that Claimant was hired to perform nursing duties for Mr. Estel, which was the finding of the trial court.

SUSTAINED.

HUNTER, V.C.J., and MacGUIGAN, J., concur.