[No. 35910.   Department Two.   April 12, 1962.]

JOHN A. JUSSILA, *Plaintiff,* v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent,* RAYONIER, INCORPORATED,
*Appellant.**

* Reported in 370 P. (2d) 582.

*Holman, Mickelwait, Marion, Black & Perkins, Fred S. Merritt,* and *Robert L. Pirtle,* for appellant.

*The Attorney General* and *Marcus M. Kelly, Assistant,* for respondent.

DONWORTH, J.—This is an appeal by Rayonier, Incorporated, from a judgment of the Superior Court of the State of Washington for Thurston County, affirming a decision of the Board of Industrial Insurance Appeals, dated August 14, 1959, whereby appellant was denied relief under the provisions of the Second-injury Fund law, which is found in Laws of 1945, chapter 219. (This statute, with some minor amendments, is now RCW 51.16.120.) This court has never before been called upon to interpret this statute.

Prior to his employment with appellant, John A. Jussila (herein referred to as the claimant) was working in Clearwater, Washington, on March 29, 1950, when he fell from

a rolling log and was injured. His injuries were diagnosed as an oblique fracture of the left clavicle (the "collar bone" located just above the first rib), and a fracture of the ilium into the acetabulum (a joint in the hip). As a result of this injury, the claimant received an award equal to twenty per cent of the maximum allowable for a permanent unspecified partial disability, although the fractures were "solidly healed."

The claimant returned to logging work when he was hired by appellant in August, 1950. He was working for appellant as a bucker when, on October 17, 1951, he was struck on the head by a falling treetop and knocked to the ground. As a result, he sustained a concussion, and injuries to his right shoulder, his left hand, and the lower part of his left leg. Thereafter, he filed a claim for workmen's compensation for his new injuries. His claim was allowed and was closed by order of the Supervisor of Industrial Insurance, with permanent partial disability awards of five per cent of the amputation value of the right arm at the shoulder, twenty per cent of the amputation value of the left hand at the wrist, and five per cent of the amputation value of the left leg below the knee.

The claimant's disability increased after that time, and his claim was reopened. Thereafter, he made a series of claims for aggravation. Finally, in its order of May 6, 1958, the Board of Industrial Insurance Appeals directed the Department of Labor and Industries to classify him as a permanently totally disabled workman, and to place him on the pension rolls.

Finding No. 7, contained in the board's order, states:

"The disability in the claimant's left hand and by reason of his post-concussion syndrome increased between November 4, 1953, and June 28, 1956, to the extent that by the latter date he was unable to engage in a gainful occupation."

The finding did not specify whether the total disability was a result of the combined effects of the injuries resulting from both accidents, or was solely a result of the injuries

incurred while in the employ of the appellant. It may be significant, however, that the finding made no mention of the injuries incurred prior to the claimant's employment with appellant.

Appellant was advised that the claimant was being placed on the pension rolls. Thereupon, appellant requested that the Second-injury Fund law be invoked, and that its account be charged only with the costs of the claim up to the date of the pension, with the balance to be charged to the Second-injury Fund.

June 20, 1958, the Supervisor of Industrial Insurance, acting for the Department of Labor and Industries, denied appellant's request, stating:

"Please be advised that a review of the file and the order of the Board of Industrial Insurance Appeals indicate that the condition of total permanent disability is due entirely to the injury of October 17, 1951 which was sustained while in your employ and in view of that we are forced to deny your request for Second Injury Fund relief."

Appellant thereupon appealed to the Board of Industrial Insurance Appeals. By agreement of all parties, the appeal was submitted to the board without the taking of any new testimony, using only the files of the department and the board.

After the board had sustained the supervisor in the denial of relief, an appeal was taken by appellant to the Superior Court for Thurston County.

The memorandum opinion of the trial court states, in part, that:

". . . the Court does not believe that the evidence here shows that the permanent total disability resulted from any combination of the effects of the 1950 accident and the 1951 accident. The decision of the board is presumed to be correct and it requires evidence to overcome that presumption. The appellant has not sustained that burden. The board must be affirmed."

In appealing from the decision of the trial court, appellant makes the following assignments of error:

"A. The making and entering of finding of fact XII:

" 'That the plaintiff, John A. Jussila, did not become totally and permanently disabled from any combination of the effects of the injury of March 29, 1950, and the injury of October 17, 1951.'

"B. The making and entering of conclusion of law II:
" 'That the provisions of Section 1, Chapter 219, Laws of 1945 (RCW 51.16.120), are not applicable under the facts of this case, and the defendant-appellant herein, Rayonier Incorporated, is not entitled to the benefit of the provisions of such statute.'

"C. The making and entering of conclusion of law III:
" 'That the finding and decision of the Board of Industrial Insurance Appeals dated August 14, 1959, sustaining the decision of the Supervisor of Industrial Insurance dated June 20, 1958, denying the request of Rayonier Incorporated, to have the pension costs in claim number B-909086 assessed pursuant to the provisions of Section 1, Chapter 219, Laws of 1945 (RCW 51.16.120), are correct and the evidence does not preponderate against such findings and decision.'

"D. The entering of judgment for respondent and against appellant."

To allow appellant to prevail in this appeal, we would have to overturn a finding which was made by the Supervisor of Industrial Insurance and affirmed at two levels prior to the appeal to this court. The supervisor found that the total disability was entirely a result of the accident and injuries incurred while in the employ of respondent, and that the earlier disability had no effect on the finding of total disability.

" . . . In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same. . . ." RCW 51.52.115.

There has been no attempt to refute the finding of the board (referred to in assignment C, quoted above) to the extent that it is a finding of fact. Therefore, we must accept it as the trial court did.

However, appellant contends that the finding of the supervisor was based on a mistake of law, and therefore it must be reversed. It is contended that when a workman

with an industrially caused permanent partial disability suffers a subsequent injury resulting in permanent total disability, that result, as a matter of law, is necessarily due to a combination of the effects of the second injury and the first injury. At least, appellant contends, a presumption is raised that the total disability is a result of the combined effects of the injuries, so that the burden of proof is shifted (presumably to the Department of Labor and Industries) to show that the total disability is *not* a result of "combined effects."

The law under which appellant seeks to recover is Laws of 1945, chapter 219, which provides:

" . . . Whenever a workman has sustained a previous bodily infirmity or disability from any previous injury or disease, and shall suffer a further injury or disease in employment covered by this act, and become totally and permanently disabled from the combined effects thereof, then the accident cost rate of the employer at the time of said further injury or disease shall only be charged with the accident cost which would have resulted solely from said further injury or disease had there been no pre-existing disability and which accident cost shall be based upon the experience of the department in similar injuries or diseases. The difference between the charge thus assessed to the employer at the time of said further injury or disease and the total cost of the pension reserve shall be assessed against the second-injury fund."

This act created a special fund known as "Second-injury Fund," which was to be used only for the purpose of defraying charges assessed against it as provided in the above-quoted section.

■ Appellant contends that an earlier permanent disability must necessarily combine its effects with those of any disability incurred later, so that a resulting total disability must be a result of the combined effects of all previous permanent disabilities. If this argument were to be accepted, the clause in the statute which reads "from the combined effects thereof" would have to be treated as mere surplusage. The legislature had a reason for including that clause in the statute. It must have been intended as a

requirement that the "previous injury or disease" was an actual cause of the total disability. In law, this means that the "but for" test must be met—that is, the disability would not have been total but for the previous injury. In other words, the legislature did not intend the Second-injury Fund law to apply to a case wherein the later injury was in itself sufficient to produce total permanent disability.

We now reach appellant's contention that there should be at least a presumption that the earlier injury was a cause of the total disability, and that the Department of Labor and Industries and the Board of Industrial Insurance Appeals failed to apply that presumption.

Appellant has cited no authority relative to this contention, and our examination of the interpretation of similar statutes in other jurisdictions has not been helpful. See, generally, 12 Schneider, Workmen's Compensation Text (Perm. ed.) § 2544, and 2 Larson, Workmen's Compensation Law § 59.

The question with which we are confronted must be decided by interpreting the statute. Since there is no express provision regarding the proof which must be produced in order to receive the benefits of the Second-injury Fund law, the proper answer to the question must be the one which best effectuates the legislative purpose in enacting it.

■ The Second-injury Fund is a special fund set up within the administrative framework of the workmen's compensation system to encourage the hiring of previously handicapped workmen by providing that the second employer will not, in the event such a workman suffers a subsequent injury on the job, be liable for a greater disability than actually results from the second accident.

". . . The usual provision makes the employer ultimately liable only for the amount of disability attributable to the particular injury occurring in his employment, while the fund pays the difference between that amount and the total amount to which the employee is entitled for the combined effects of his prior and present injury." 2 Larson, Workmen's Compensation Law § 59.31.

See, also, Fabing and Barrow's "Encouragement of Employment of the Handicapped," 8 Vanderbilt L. Rev. 575 (1955).

It is apparent that any rule which makes it easier for an employer to obtain reimbursement from the fund will tend to support the basic purpose of the fund. Conversely, if recovery from the fund is too difficult, an employer may find it easier and less costly simply to refuse to hire previously disabled persons. If this were the only consideration, we might find considerable merit in appellant's contention.

However, there are certain other elements to be considered. The basic premise of the Workmen's Compensation Act is that industry is to bear the burden of the costs arising out of industrial injuries sustained by its employees. *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640 (1945). Each employer's premium should reflect his own cost experience in order to reward, and thereby encourage, safety, as well as to avoid an unfair burden on other employers. The Second-injury Fund law would conflict with this general principle if appellant's contention should prevail. (See RCW 51.44.040.)

■ Furthermore, the fact that the legislature did not establish any express presumption indicates its intent that the department is to make a complete investigation of the facts of each case and decide whether resort to the Second-injury Fund is proper. For the courts to create a presumption could only interfere with this duty. Appellant's contention that there is a presumption in its favor must fail.

Appellant has attempted to demonstrate that, when the employer appealed to the board in this case, the board placed the burden upon appellant to show that the claimant's total disability was, in part, the result of a previous disability. It is contended that this was error.

RCW 51.52.100 provides that upon an appeal to the board the hearing ". . . shall be de novo and summary." Furthermore, there is no provision that the finding of the de-

partment shall be prima facie correct, in contrast with the provisions of RCW 51.52.115:

". . . In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same. . . ."

Nevertheless, even where there is such a de novo review, an appellant has to bear at least some burden of proof with regard to his contentions before the board. There must be some medical evidence before the board from which the board can conclude that the supervisor was wrong, and, if no such evidence is in the record of prior proceedings, the burden is upon the party appealing to produce evidence in support of his position. RCW 51.52.102 provides, in part:

"At the time and place fixed for hearing each party shall present all his evidence with respect to the issues raised in the notice of appeal, and if any party fails so to do, the board may determine the issues upon such evidence as may be presented to it at said hearing . . ."

The board was correct in basing its decision upon the fact that there was no evidence before it which would tend to support appellant's position, and in assuming that the primary burden of producing such proof was upon appellant. The board rightly concluded that in this case all of the evidence supports the view that the claimant's total disability resulted from the 1951 injuries alone.

The result in this case is not intended to give the impression that in all cases the employer will have to present evidence before the department in order to obtain the benefits of the Second-injury Fund law. It can be expected that, when a total disability is the result of "combined effects," the finding which awards the pension will so state. Therefore, an employer who is entitled to relief normally will not have to apply for it. If relief is *not* granted to an employer who feels entitled to it, then that employer may specifically request such relief. If his request is denied by the supervisor, he may appeal to the board. However, if he expects to persuade the board, in a case where there is

insufficient evidence already in the record to sustain his position, he should be prepared to present persuasive evidence in his own behalf. Such a requirement will not thwart, but is consistent with, the legislature's purpose in enacting the Second-injury Fund law.

The decision of the trial court is affirmed.

FINLEY, C. J., HILL, OTT, and HUNTER, JJ., concur.

* Reported in 370 P. (2d) 862.