[No. 37460.    Department Two.    August 26, 1965.]

DONALD W. LYLE, INC., *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[*]

*Ronald E. Thompson* (of *Lee, Krilich & Anderson*), for appellant.

*The Attorney General* and *Andrew J. Young, Assistant,* for respondent.

HUNTER, J.—Ralph Bonaro, an employee of Donald W. Lyle, Inc., plaintiff (appellant), sustained an industrial injury in the course of his employment on November 15, 1960. He was thereafter classified as totally and permanently disabled by the Supervisor of Industrial Insurance and was placed on the pension rolls. The employer did not challenge the departmental determination but sought to

[*]Reported in 405 P.2d 251.

have a portion of the employee's pension paid from the Second-injury Fund, in pursuance of RCW 51.16.120. The request for such payment was denied by an order of the Supervisor of Industrial Insurance, and the order was sustained by the Board of Industrial Insurance Appeals.

The employer appealed to the Superior Court for Pierce County and moved for a summary judgment in favor of the relief requested. The Department of Labor and Industries moved to dismiss the employer's appeal and to deny the employer's motion for summary judgment. The department's motions were granted and judgment was so entered. The employer appeals.

The Second-injury Fund statute (RCW 51.16.120) provides:

> Whenever a workman has sustained a *previous bodily infirmity or disability from any previous injury or disease* and shall suffer a further injury or disease in employment covered by this title and become totally and permanently disabled from the combined effects thereof, then the accident cost rate of the employer at the time of said further injury or disease shall be charged only with the accident cost which would have resulted solely from said further injury or disease, had there been no preexisting disability, and which accident cost shall be based upon an evaluation of the disability by medical experts. The difference between the charge thus assessed to the employer at the time of said further injury or disease and the total cost of the pension reserve shall be assessed against the second injury account. (Italics ours.)

The facts relative to the employee's injury are not in dispute. He fell and suffered injuries to his back and left hip, resulting in the total-and-permanent-disability classification. The medical evidence shows that the employee suffered from a preexisting disease, referred to as a condition of degenerative arthritis, which, prior to his injury of November 15, 1960, was latent, or quiescent, and not disabling. This arthritic condition was "lighted up," or aggravated, by the injury and the employee's permanent disability was due to the combined effects of both.

The plaintiff employer contends that the trial court erred in dismissing the case and denying its motion for summary

judgment, since the Second-injury Fund statute affords relief to an employer on these facts, where, in the language of the statute, the employee has sustained a previous bodily infirmity from disease and suffers further injury in the course of his employment.

The department contends, however, that RCW 51.16.120, *supra*, neither contemplates nor provides Second-injury Fund relief, where, as here, the employee's preexisting physical condition is latent, or quiescent, and nondisabling. It is the department's contention that "previous bodily infirmity" as it appears in the statute, encompasses only those physical conditions which are symptomatic, or patent, and disabling.

The trial court affirmed the Board on the ground that through its interpretation of the statute the previous bodily infirmity must have been disabling for the Second-injury Fund statute to apply, and, since the employee's preexisting bodily infirmity was nondisabling, the statute was inapplicable.

The interpretation that is to be given the phrase, "previous bodily infirmity," as it appears in the statute, is not clear on the face of the statute. As the trial court stated in its memorandum decision:

> [T]he statute is, in my judgment, rather artlessly drawn. In the first portion of the sentence it speaks of "previous bodily infirmity or disability", but later on in the very same sentence it defines a standard of relief measured only by the *pre-existing disability*.
> Thus it appears that while the Department urges that I should imply a limiting adjective before the word "infirmity", the employer must necessarily urge that the term "infirmity" be implied in the latter portion of the sentence which prescribes the standards for relief, for otherwise the statute affords no relief from a pre-existing but non-disabling infirmity.

In the face of this ambiguity the phrase, "previous bodily infirmity," must be considered in the light of the purpose of the statute to determine the legislative intent. *Clark v. Housing Authority of Town of Port Orchard*, 25

Wn.2d 419, 425, 171 P.2d 217 (1946); *Guinness v. State*, 40 Wn.2d 677, 679, 246 P.2d 433 (1952).

■ We stated the purpose of this statute in *Jussila v. Department of Labor & Industries*, 59 Wn.2d 772, 778, 370 P.2d 582 (1962):

> The Second-injury Fund is a special fund set up within the administrative framework of the workmen's compensation system to encourage the hiring of *previously handicapped workmen* by providing that the second employer will not, in the event such a workman suffers a *subsequent injury* on the job, be liable for a *greater disability* than actually results from the *second accident*. (Italics ours.)

We therefore hold, consistent with the purpose of the Second-injury Fund statute, that the phrase, "previous bodily infirmity" cannot be isolated to contemplate an unknown, preexisting and nondisabling condition. To effect the legislative intent the statute must be construed to presuppose a known, preexisting disabling injury or condition, and the preexisting arthritic condition of the plaintiff's employee, Ralph Bonaro, was not within this classification.

The judgment is affirmed.

ROSELLINI, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.