Argued November 1, affirmed December 27, 1971

GUNTER, *Appellant, v.* MERSEREAU, *Respondent.*

491 P2d 1205

*Ronald E. Hergert,* Oregon City, argued the cause for appellant. With him on the brief were Hibbard, Jacobs, Caldwell & Canning, Oregon City.

*Justin N. Reinhardt,* Oregon City, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT,* Judges.

LANGTRY, J.

This appeal raises the sole issue of whether a person employed to care for an invalid in the invalid's home comes within the exclusion from workmen's compensation coverage for "domestic servants." ORS 656.027(1). The trial court affirmed the Workmen's Compensation Board's order denying coverage.

Claimant was employed to care for a stroke victim who required round-the-clock attention. Previously, she had worked as a nurse's aide. Her duties at defendant's home during the eight hour shift she worked can be summarized as follows: giving oral medication, heating dinner and feeding it to the patient, cleaning dinner dishes, bathing the patient and, at various times, helping her in and out of her wheelchair. Claimant also recorded the patient's intake and activities on charts kept for the attending physician. She injured her back while lifting the patient out of her wheelchair.

---

* Fort, J., did not participate in this decision.

ORS 656.027(1) provides, in pertinent part:

"All workmen are subject to ORS 656.001 to 656.794 except * * *: (1) A workman employed as a domestic servant in or about a private home. For the purposes of this subsection 'domestic servant' means any workman engaged in household domestic service."

■■ Exclusion of domestic servants is common in compensation acts.[1] The motivating philosophy behind workmen's compensation acts is that the loss arising from accidents in industry should be distributed between the employer and consumer as a cost of production. The domestic servant exception recognizes that the home owner, who receives no pecuniary profit from maintaining his home, should not be made to bear what would amount to the total burden of compensation protection. 1A Larson, Workmen's Compensation Law 891, § 50.25. *See generally*, §§ 50.21-50.24. *Weatherford v. Arter, Sr.*, 135 W Va 391, 395, 63 SE2d 572, 574 (1951). Convenience in administration of the Act has also been cited as a factor. See *Carsten v. Dept. of Labor & Industries*, 172 Wash 51, 19 P2d 133 (1933). Claimant's employment in defendant's home would seem to come within the general intent of the statutory exception.

■■ Claimant contends she cannot be considered "engaged in domestic service" because that term connotes activity directed toward maintenance of the home rather than care of a person. We find no support for this proposition, nor would such a distinction accord with the purpose of the domestic servant exception noted above. A common definition of domestic servant is:

" '[A] person hired or employed primarily for

---

[1] Only nine states provide any coverage for domestic servants. See 1A Larson, Workmen's Compensation Law 894, § 50.30.

the performance of household duties and chores, the maintenance of the home, and the care, comfort and convenience of members of the household.' " *Hardware Dealers Mutual Fire Ins. Co. v. King,* 408 SW2d 790, 791 (Tex Civ App 1966), *rev'd on other grounds* 426 SW2d 215 (Tex Sup Ct 1968).

The bulk of claimant's duties, which were directed toward the care and convenience of the invalid she attended, must be considered domestic in nature. Indeed, they were not unlike those performed by persons commonly associated with domestic service. That defendant may have hired her because of her training as a nurse's aide does not alter her status under the Act. The true test is the nature of the work actually done. *Anderson v. Ueland,* 197 Minn 518, 267 NW 517, 519 (1936); *see also, Vaughn v. McFadden,* 35 Pa D & C 307 (1939).[9] In light of this and the legislative purpose underlying the exception for domestic servants, we find the Board properly denied coverage.

Affirmed.

---

[9] In this case a Pennsylvania court held that a retired registered nurse employed by an invalid to live in the home came within the statutory exception for "persons engaged in domestic service in a private home." Though she occasionally gave the invalid an hypodermic injection, the main purpose of the claimant's employment was to provide the invalid with assurance that a person with some medical experience would always be close at hand. The court reasoned such employment, though unique, fell within the exception and the legislature's intent of not burdening nonbusiness householders with compensation liability.

*See also,* Weatherford v. Arter, Sr., 135 W Va 391, 63 SE2d 572 (1951), supra, a case in point on its facts with the instant case; and McCrory v. Thomas, 40 Misc2d 904, 244 NYS2d 111 (1963).