[No. 13059–5–I.   Division One.   January 15, 1986.]

T.I.M.E.–D.C., *Respondent,* v. CHARLES W. SCHUIRMAN, *Respondent,* THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Nancy Thygesen Day, Assistant,* for appellant.

*Perkins, Coie, Stone, Olsen & Williams* and *Calhoun Dickinson,* for respondent T.I.M.E.–D.C.

*Walthew, Warner, Keefe, Arron, Costello & Thompson, P.S.,* and *Robert H. Thompson,* for respondent Schuirman.

WILLIAMS, J.—Charles W. Schuirman, injured in the course of his employment with T.I.M.E.–D.C. on March 25, 1977, filed a claim with the Department of Labor and Industries which resulted on January 10, 1980, in a permanent partial disability award of 30 percent as compared to total bodily impairment. T.I.M.E.–D.C., as a self–insured employer, was responsible for payment of that award.

Schuirman, contending that he was permanently disabled, appealed to the Board of Industrial Insurance Appeals and T.I.M.E.–D.C. cross–appealed arguing that the Department did not properly consider Schuirman's prior work related injury which occurred in 1959. The Department did not participate in the proceedings before the Board which entered its decision on November 23, 1981, finding Schuirman permanently totally disabled because of the combination of his 1959 and 1977 injuries.

T.I.M.E.–D.C. appealed the Board's order to the Skagit County Superior Court, notice thereof being given to the

Department which chose not to participate. RCW 51.52-.110. Schuirman moved to dismiss the appeal because T.I.M.E.–D.C. was not aggrieved, it being entitled to second injury fund relief pursuant to RCW 51.16.120. Up to this point neither the Department nor the Board had considered the applicability of the second injury fund program. Based on Schuirman's motion, the Superior Court remanded the cause to the Department on June 9, 1982, directing it to provide second injury fund relief and retained jurisdiction until an order of the Department allowing second injury fund relief became final. At that time the appeal would be dismissed with prejudice. The Department's motion to vacate this order was denied on March 21, 1983. The Department appeals.

For a number of years, the industrial insurance program in this state has contained a provision for a "Second–injury Fund" relieving employers from the risk of being charged with the full responsibility for an employee's death or permanent total disability resulting from the combined effect of a previous injury or disability and an on–the–job injury. The statute provides:

> The difference between the charge thus assessed to such employer at the time of said further injury or disease and the total cost of the pension reserve shall be assessed against the second injury fund.

RCW 51.16.120.

This encourages hiring of previously handicapped workmen by limiting liability of the second employer to disabilities actually incurred on the job. *Jussila v. Department of Labor & Indus.*, 59 Wn.2d 772, 370 P.2d 582 (1962). Until July 1, 1977 the second injury fund was financed by premiums paid by employers into the accident fund on the basis of their experience rating, RCW 51.16.120. Money for the second injury fund participation was then placed in a special account. RCW 51.44.040.

In 1971, RCW 51.14 was enacted permitting qualified employers to elect to self–insure. This had no effect upon the employees but did permit an employer to manage its

own industrial insurance matters including authorization of medical care and payment of compensation. RCW 51.14-.030. T.I.M.E.–D.C. qualified as a self–insurer and was so certified.

■■ The problem is that no provision was made in the law for self–insured employers to participate in the second injury fund until July 1, 1977, when the following amendment to RCW 51.44.040 became effective:

> (3) Assessments for the second injury fund shall be imposed on self–insurers pursuant to rules and regulations promulgated by the director to ensure that self–insurers shall pay to such fund in the proportion that the payments made from such fund on account of claims made against self–insurers bears to the total sum of payments from such fund.

This was 3 months after Schuirman's claim for permanent total disability arose (March 25, 1977). The rights of parties under the workers' compensation statute are governed by the law in force at the time the injury occurred. *Bodine v. Department of Labor & Indus.*, 29 Wn.2d 879, 190 P.2d 89 (1948); *accord, Ashenbrenner v. Department of Labor & Indus.*, 62 Wn.2d 22, 380 P.2d 730 (1963). By withdrawing from the established scheme of funding workmen's compensation benefits by regular payment of premiums and becoming a self–insurer, T.I.M.E.–D.C. removed itself from coverage. Because it did not pay into the second injury fund, it acquired no right to benefit therefrom.

■ T.I.M.E.–D.C. argues that if it is not granted second injury fund relief, Schuirman will be denied equal protection of the law and forced to litigate interminably. Schuirman is being afforded protection by every right established in the law. Of course if second injury fund relief was available to T.I.M.E.–D.C., it would not prosecute the appeal and the Board's award of a pension to Schuirman would not be opposed. But he has no right to that happening under equal protection principles. The Superior Court retained jurisdiction to permit the appeal of T.I.M.E.–D.C. to go forward if second injury fund relief was not available.

It is not, so the parties, consisting of the self–insured employer and the injured workman with the Department standing by, may proceed exactly the same as though the subject of second injury relief had not been raised.

The order denying the Department's motion to vacate is reversed, the order is vacated, and the cause is remanded to the Superior Court with direction to proceed with the appeal.

SCHOLFIELD, A.C.J., and GROSSE, J., concur.

Review denied by Supreme Court March 21, 1986.