527 So.2d 373 (1988)
Ella P. HAYES and James E. Hayes
v.
Katherine R. MOSS, Camille M. Tebo, United States Fidelity & Guaranty Company, National Fire Insurance Company of Hartford and Continental Casualty Company.
No. CA-8527.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1988.
*374 H. Edward Sherman, New Orleans, for appelleeElla P. Hayes and James E. Hayes.
James F. Ryan, Al M. Thompson, Jr., Hulse, Nelson & Wanek, New Orleans, for appellantNat. Fire Ins. Co. of Hartford.
Before BARRY, KLEES and PLOTKIN, JJ.
BARRY, Judge.
The issues in this personal injury suit concern a domestic employee's coverage under our workmen's compensation laws and the factual determination of negligence.
On Carnival day (February 15, 1983) Ella Hayes went to work at Camille Tebo's home about 7:00 a.m. Tebo is an invalid who needs around-the-clock assistance. Shortly after Hayes arrived the two night sitters left and she realized that no other employee was present, though normally two sitters are on duty.
Hayes was going upstairs to check on Tebo when she heard Katherine Moss, Tebo's mother, scream from the bedroom which is across from Tebo's. Moss lived next door but had spent the night at Tebo's home. Hayes found Moss on the bathroom floor. When Moss asked for help Hayes looked for someone to assist but nobody else could be located in the house. Moss again asked Hayes to help her up. Hayes responded that she would get the mechanical lift and Moss allegedly responded, "No, Ella, I insist on you getting me off the floor because you're big and strong, you can get me off the floor." Hayes then helped her up and immediately experienced back pain.
Hayes testified that she occasionally did things for Moss. She said she assisted Moss off the floor because no one else was in the house and she thought she would lose her job if she refused.
Hayes and her husband filed suit for tort damages. Pursuant to a $185,000 settlement plus medical benefits of approximately $20,000.00 and the waiver of all past and future compensation and medical benefits, dismissed from the lawsuit were United States Fidelity and Guaranty Company, Katherine R. Moss, the Succession of Katherine R. Moss, Katherine Tebo Alpaugh, testamentary executrix of the Succession of Katherine R. Moss, Camille M. Tebo, Mr. and Mrs. G. Watson Tebo, their estate, heirs, assignors, etc., Albert M. Cotten, Jr., the Florence R. Cotten Trust for Albert M. Cotten, Jr., and the Succession of G. Watson Tebo. Rights were reserved against National Fire Insurance Company of Hartford (primary insurer for Camille Tebo) and CNA Insurance Company (Katherine Moss' excess insurer).
Answers to jury interrogatories found Tebo and Moss both negligent and jointly liable for Hayes' injury. The jury awarded Hayes $232,583.00 against both insurers. The insurers' motions for a new trial, judgment notwithstanding the verdict and remittur were denied. The judgment was amended to reflect that National Fire's liability was limited to its $100,000.00 policy, plus interest, costs and expert fees. The judgment was below CNA's $300,000.00 coverage and it was dismissed.
National Fire's appeal urges that its policy excludes coverage of this incident, that Tebo and Moss were not negligent, and the trial court erred on several rulings.
As a threshold matter we note that our compensation laws are not applicable to these facts. La.R.S. 23:1035, in pertinent part, provides:
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business or occupation....
B. There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services are not incidental *375 to and do not arise out of any trade, business, or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.
Because we find the negligence issue dispositive of the claim, we pretermit review of the policy and the trial court's rulings.
The jury's finding of liability is predicated on Tebo's negligence and the vicarious liability of Tebo for Moss' negligence.
Tebo was asleep during the entire incident. Plaintiffs' theory of recovery is that Tebo was negligent for not having a second person available to take care of Moss, thereby making the house unsafe because of Moss' condition.
Dr. Homer Dupuy, Moss' doctor and an expert in internal medicine, testified that he saw Moss in January and February of 1983. Moss weighed about 115 pounds, had a liver problem and had fallen in October 1982. Moss did not complain of an equilibrium problem and he watched her walk without difficulty. Dr. Dupuy said that although Moss previously had hepatitis which left her weak, she did not have symptoms for years.
Hayes worked for Tebo since about 1980, eight hours a day, seven days a week. She testified that she had known Moss to slip down, but she could not recall when except that it occurred a "long time before" this incident. Janice Anderson, formerly employed by Moss as a sitter and by Tebo for cleaning, testified there were two sitters for each lady and that Moss required help to get out of a chair.
Daisy Walters, who worked 10 years for Moss as a chauffeur, testified she also acted as a sitter. Walters noted her job was to see that Moss did not fall, however, Moss did not need a sitter 24 hours a day. She never saw Moss fall.
Dr. Donald Bloswich, an expert in biomechanical engineering, testified that the task of lifting Moss off the floor was neither reasonable nor safe. He concluded that the injury would not have occurred had the lift been used or if another person had assisted.
Watson Tebo, Moss' grandson, testified that Moss was mobile, a frequent visitor at Tebo's house, and rarely needed assistance. Ballard Tebo, another of Moss' grandsons, lived in an apartment in Tebo's home. He testified that he saw Moss daily and she was mobile. He said she would spend the night at Tebo's and go back and forth to her house without assistance. He did not recall Moss having mental difficulties in February, 1983. He noted she had broken her hip in a fall about ten years earlier and she broke her arm in a fall sometime ago.
The fact that Moss had three falls during the past ten years does not establish that she had a propensity to fall or that Tebo had an obligation to have two people on duty in her home when her mother was there. We note that Tebo's home had a mechanical lift and its use, according to plaintiffs' expert, would have prevented Hayes' injury. We find no legal connection between the accident and its location in Tebo's home. The jury was manifestly erroneous in finding that Tebo was negligent.
Whether Moss was negligent is irrelevant. There is not basis in law or in the evidence presented which would impute her negligence to Tebo. Vicarious liability is not applicable.
The district court judgment is reversed. Judgment is rendered in favor of National Fire Insurance Company of Hartford.
REVERSED.
PLOTKIN, Judge, concurs with written reasons.
I concur with the majority's decision that the defendant is not liable, but would apply *376 a duty/risk analysis to reach that conclusion.
Plaintiff, a sitter for the invalid sleeping defendant, assisted a fallen house guest and injured her back. She alleges the defendant was negligent in failing to provide adequate personnel (i.e., a second sitter) on the day of the accident.
Under a duty risk analysis, one of the inquiries is, whether a duty was imposed on the defendant to protect against the risk involved. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984).
The defendant employer of a domestic servant has a duty to provide the plaintiff with a reasonably safe place to work. Smith v. Fusilier, 424 So.2d 1255 (La.App. 3rd Cir.1982). The evidence in this case does not establish any unsafe condition, equipment or circumstances.
The plaintiff's contention that the defendant was negligent in failing to provide a second sitter, at 7 a.m. for a reasonably healthy, overnight house guest, is also unsupported. The defendant was not negligent. She did not create any unreasonable risk of harm to the plaintiff by any act of omission or commission which caused plaintiff's injury. The defendant may be held liable only when he breaches a duty to protect the plaintiff from an unreasonable risk of harm. This defendant had no duty to protect this plaintiff from the risk of offering voluntary assistance to a fallen house guest. (See also Pratt v. Lifemark Corporation, d/b/a, St. Claude General Hospital (La.App. 4th Cir. CA-8431 May, 1988)
Mrs. Moss's fall was unforeseeable. It is unreasonable to expect a homeowner to provide additional personnel to aid an unexpected fallen guest, who may require assistance. Therefore the defendant did not owe the plaintiff a duty in this case.