[No. 12673-7-II. Division Two. March 7, 1990.]

DIANNA M. EVERIST, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Nancy Thygesen Day* and *Lisa Vincler, Assistants,* for appellant.

*Carol L. Casey* and *Casey & Casey,* for respondent.

REED, J.—The Department of Labor and Industries (Department) appeals from a superior court judgment in favor of Dianna M. Everist, arguing that Everist was a domestic servant and, therefore, excluded from workers' compensation coverage. We agree and reverse.

Dianna M. Everist worked as an in–home helper for Mr. and Mrs. Stewart. The Board of Industrial Insurance Appeals (Board) found the following:[1]

> Ms. Everist's duties included giving Mrs. Stewart exercises for about an hour and a half each day; bathing her once a week; feeding her two meals a day and preparing her evening meal; dressing her if she were going out; helping her into her car; giving her daily medications including two prescribed tablets, vitamins and laxatives; flossing and water picking her teeth; turning her in bed; and helping her urinate . . . Ms. Everist also prepared dinner for Mr. Stewart, cleaned the kitchen, did laundry and performed some other housework.

Her primary responsibility was caring for Mrs. Stewart. The Board also found that the tasks were of the type usually performed by a member of the family or household.

Everist injured her back while lifting Mrs. Stewart, and applied for workers' compensation benefits. The Department rejected Everist's claim on the basis that, as a domestic servant she was excluded from coverage by RCW 51-.12.020(1).[2]

Everist appealed to the Board, which affirmed. On her appeal of that decision, the Superior Court concluded that Everist was not a domestic servant under RCW 52.12-.020(1). The court granted Everist's motion for summary judgment, reversed the Board's order, and remanded the case to the Department. The Department appealed.

■ The only question before us is whether Everist was a domestic servant.[3] The meaning of domestic servant is

---

[1]Neither party having challenged the Board's findings, they become the established facts of the case. *Jussila v. Department of Labor & Indus.*, 59 Wn.2d 772, 776, 370 P.2d 582 (1962).

[2]RCW 51.12.020 provides in pertinent part as follows:

"The following are the only employments which shall not be included within the mandatory coverage of this title:

"(1) Any person employed as a domestic servant in a private home by an employer who has less than two employees regularly employed forty or more hours a week in such employment."

[3]We do not address Everist's argument that coverage was mandatory because her employer had "less than two employees regularly employed forty or more

resolved as a matter of law because it involves defining a statutory term. *See Leschi Imp. Coun. v. State Hwy. Comm'n,* 84 Wn.2d 271, 283, 525 P.2d 774 (1974).[4]

■■ When interpreting a statute our duty is to give effect to legislative intent. *Grant v. Spellman,* 99 Wn.2d 815, 818, 664 P.2d 1227 (1983). Traditionally, there are two reasons for excluding domestic workers. One rationale for providing workers' compensation coverage is that the employer will be able to pass on the insurance costs to the ultimate consumers of the employer's product. Where the employer is a nonbusiness entity, such as a homeowner, that assumption fails. Second, homeowners typically employ many different types of workers. Requiring homeowners to provide industrial insurance coverage for each of these workers would increase systemic administrative costs and unduly increase the financial and administrative burdens on the homeowner. 1C A. Larson, *Workmen's Compensation* § 50.25 (1986).

■ Here, Everist cooked and cleaned, duties falling squarely within the offices of a domestic servant.[5] Conceding that she had other duties, such as bathing Mrs. Stewart and administering prescription drugs, that may not naturally fall to a domestic servant, they, nevertheless, do not

---

hours a week in such employment", RCW 51.12.020(1), because Everist did not present the argument to the industrial appeals judge or to the Board. *See Wilson v. Steinbach,* 98 Wn.2d 434, 440, 656 P.2d 1030 (1982).

[4]The few cases that address the definition of domestic servant do not explicitly review the question as a matter of law. Nonetheless, those cases explore legislative intent and decide which classes of employees do or do not fall within the statutory definition. Thus, the courts reviewed the question as a matter of law. *See Gunter v. Mersereau,* 7 Or. App. 470, 491 P.2d 1205, 1206–07 (1971); *McCallister v. Workers' Comp. Appeals Bd.,* 61 Cal. App. 3d 524, 529, 132 Cal. Rptr. 527, 530 (1976); *Smith v. Ford,* 472 So. 2d 1223, 1225–27 (Fla. Dist. Ct. App. 1985); *Viola v. Workmen's Comp. Appeal Bd. (Welch),* 121 Pa. Commw. 47, 549 A.2d 1367, 1368–69 (1988).

[5]Domestic servant has been defined as follows: "'[A] person hired or employed primarily for the performance of household duties and chores, the maintenance of the home, and the care, comfort and convenience of members of the household.'" (Citations omitted.) *Gunter,* at 472–73.

involve skill or professional licensure. Other jurisdictions faced with this issue have concluded that a person charged with domestic duties is a domestic servant even though a significant percentage of the person's efforts are devoted to caretaking for a particular individual. *See Gunter v. Mersereau,* 7 Or. App. 470, 472–73, 491 P.2d 1205, 1206–07 (1971); *Smith v. Ford,* 472 So. 2d 1223, 1225–27 (Fla. Dist. Ct. App. 1985). Only where the person's duties included care for a particular individual without general household duties have the courts found the persons not to be domestic servants. *See Viola v. Workmen's Comp. Appeal Bd. (Welch),* 121 Pa. Commw. 47, 549 A.2d 1367, 1369 (1988); *McCallister v. Workers' Comp. Appeals Bd.,* 61 Cal. App. 3d 524, 529, 132 Cal. Rptr. 527, 530 (1976). The *McCallister* court stated that even if the employee had performed a mixture of housekeeping and personal care services, she would have been a domestic servant. *McCallister,* at 529.

We conclude that Everist is a domestic servant within the meaning of the act, because she performed duties traditionally performed by a domestic servant. Such a holding also comports with the policy of relieving the homeowner of the financial and administrative burdens of providing coverage, and relieves the system of the excessive administrative burdens of providing coverage.

The trial court's decision is reversed; the Board's decision is reinstated.

PETRICH, A.C.J., and WORSWICK, J., concur.

Review denied at 114 Wn.2d 1027 (1990).