Argued and submitted March 25, affirmed on petition and on cross-petition
June 19, reconsideration denied October 9, petition for review denied
November 26, 1991 (312 Or 525)

In the Matter of the Compensation of
Paula J. Kerns, Claimant,

and

In the Matter of the Complying Status of
Paula Guido-Lee,
dba Dana's Housekeeping.

Paula J. KERNS,
*Petitioner - Cross-Respondent,*

*v.*

Paula GUIDO-LEE,
dba Dana's Housekeeping,
*Respondent - Cross-Petitioner,*

*and*

SAIF CORPORATION,
*Respondent.*

(WCB 87-13554, 87-13553; CA A64496)

813 P2d 578

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the brief were James L. Francesconi and Francesconi & Associates, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

David L. Runner, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Claimant seeks review of a Workers' Compensation Board order that concluded that she is a nonsubject worker and not entitled to compensation, because she is a "domestic servant" within the meaning of ORS 656.027(1). We affirm.

Claimant is a housekeeper. Employer, Dana's Housekeeping, is a referral service that had written agreements with claimant and others offering them housekeeping contracts with individual client homeowners. Claimant was paid by the homeowners; she then paid employer a portion of the money. Employer had no workers' compensation coverage in force from November, 1986, to June, 1987.

In May, 1987, claimant slipped and fell while she "was cleaning a private home and carrying out the trash * * *." She filed a claim against employer, and the Compliance Division of the Workers' Compensation Department issued a proposed and final order finding claimant to be a subject worker and employer to be a non-complying employer. Employer requested a hearing. The referee concluded that claimant is a subject worker and that the "domestic servant" exception, as defined in ORS 656.027(1), does not apply, because

"[w]hat controls the analysis in this case is not the *type* of work [claimant] was performing, but, rather, the nature of her employment *relationship* with [employer]." (Emphasis supplied.)

Employer requested review, and the Board reversed.[1] Relying on the plain language of ORS 656.027(1), it concluded that claimant was excluded from workers' compensation coverage, because she was employed as a domestic servant. Claimant petitioned for review; employer cross-petitioned, challenging the Board's finding that claimant is a worker, as defined by ORS 656.005(27).

Claimant argues that the Board erred in concluding that she is a domestic servant. She urges us to conclude, as a matter of law, that

"the workers who are excluded from coverage under ORS

---

[1] The Board affirmed the referee's order that employer was a non-complying employer. Neither party challenges that ruling.

656.027(1) only are those who work directly for, and to the exclusive benefit of, private households who derive no profit and pass on no costs to any consumers."

Employer disputes claimant's contention that the applicability of the domestic servant exception should turn on her relationship with employer, rather than on the nature of the work that she performed. It argues that claimant is a nonsubject worker, because she was a "domestic servant" under the plain language of ORS 656.027(1):

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"(1) A worker employed as a domestic servant in or about a private home. *For the purposes of this subsection 'domestic servant' means any worker engaged in household domestic service.*" (Emphasis supplied.)

In support of its argument, employer compares the language in ORS 656.027(1) with the language in ORS 656.027(2), which excludes

"[a] worker employed to do gardening, maintenance, repair, remodeling or similar work in or about the private home *of the person employing the worker.*" (Emphasis supplied.)

Employer reasons that, because ORS 656.027(2) expressly limits the identity of the "employer" and ORS 656.027(1) contains no such limitation, the legislature clearly intended to exclude an entire class of workers, *i.e., all* domestic servants, regardless of the identity of their employer.

What is relevant is the nature of the work performed and its relation to the home, not the identity of the persons arranging for, supervising, controlling or benefitting from the service. *See Gunter v. Mersereau,* 7 Or App 470, 473, 491 P2d 1205 (1971). Claimant slipped and fell while she was engaged in household domestic service, cleaning a private home. Therefore, at the time of her injury she was a nonsubject worker, because she was "a domestic servant in or about a private home."

Claimant urges us to construe the statute to exempt only those workers who contract with a private homeowner to provide direct, personal domestic service. She contends that, because the underlying rationale for the "domestic servant"

exception is to relieve nonbusiness householders from the burden of providing workers' compensation coverage, we should not allow employer, a large commercial enterprise engaged for profit in the business of providing housekeeping services to individual client homeowners, to escape liability. We decline the suggestion to construe the statute as claimant suggests. *See McFarland v. SAIF,* 89 Or App 184, 748 P2d 150 (1988). Under the plain language of the statute, claimant is a domestic servant and is, therefore, not entitled to compensation.

In the light of our disposition of the petition, employer's cross-petition is moot.

Affirmed on petition and on cross-petition.