**Lillian M. CONNOR, Petitioner,**

v.

**David ZELASKI, Kathy Zelaski, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 92CA0074.**

Colorado Court of Appeals, Div. II.

June 18, 1992.

Rehearing Denied July 16, 1992.

Certiorari Denied Nov. 9, 1992.

Green & Josefiak, P.C., Mary M. Josefiak, Denver, for petitioner.

Lavinder, Jolliffe, Chambers & Harris, P.C., William C. Jolliffe, Denver, for respondents David Zelaski and Kathy Zelaski.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge PLANK.

Lillian M. Connor seeks review of the final order of the Industrial Claim Appeals Panel which ruled that she was a part-time domestic worker excluded from the Workers' Compensation Act under § 8–40–302(4), C.R.S. (1991 Cum.Supp.). We affirm.

The facts are undisputed. Connor was employed by David and Kathy Zelaski to care for their three children at the Zelaski's home. Her duties did not include housework. Connor worked fewer than forty hours per week on three or four days a week. She sought workers' compensation benefits for injuries allegedly sustained in that work, but the Administrative Law Judge and Panel concluded that Connor

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

was a part-time domestic worker excluded from the Workers' Compensation Act by § 8–40–302(4).

Section 8–40–302(4) provides that the Workers' Compensation Act is:

not intended to apply to employers of persons who do domestic work or maintenance, repair, remodeling, yard, lawn, tree, or shrub planting or trimming, or similar work about the private home of the employer if such employers have no other employees subject to ... [the Workers' Compensation Act] and if such employments are not within the course of the trade, business, or profession of said employers. This exemption shall not apply to such employers if the persons who perform the work are regularly employed by such employers on a full-time basis. For purposes of this subsection (4), 'full-time' means work performed for forty hours or more a week or on five days or more a week.

"Domestic work" is not defined in the Act, and Connor contends that it does not include child care. We disagree.

■ This is a case of first impression. Accordingly, we begin with the general rule that in construing statutes, terms are given their commonly accepted and understood meanings. *See Triad Painting Co. v. Blair,* 812 P.2d 638 (Colo.1991).

■ In support of her contention that the domestic work exception to workers' compensation coverage does not include child care, Connor relies on the long-recognized rule that the Workers' Compensation Act must be construed liberally in favor of injured workers. However, in light of recent statutory changes set out in §§ 8–40–102 and 8–43–201, C.R.S. (1991 Cum.Supp.), together with statements concerning those changes in *Younger v. Denver,* 810 P.2d 647 (Colo.1991), it is questionable whether this rule remains good law.

But, in any event, even if the rule of liberal construction remains viable, we conclude that the domestic work exception would include child care.

"Domestic" is defined as "relating to the household *or the family;* concerned with or employed in the management of a household or private place of residence." *Webster's Third New International Dictionary* 671 (1981) (emphasis added). *Black's Law Dictionary* 435 (5th ed. 1979) defines a "domestic servant" as "[a] person hired or employed primarily for the performance of household duties and chores, the maintenance of the home, and *the care, comfort, and convenience of members of the household."* (emphasis added)

In its generally accepted meaning, domestic work, therefore, includes care of persons in a household as well as care of the house. *Gunter v. Mersereau,* 7 Or. App. 470, 491 P.2d 1205 (Or.App.1971). *See Evans v. Webster,* 832 P.2d 951 (Colo. App.1991) (although § 8–40–302(4) was inapplicable because employment was full time, home health care aide stated to be engaged in domestic work); 20 C.F.R. § 404.1057(b) (under Social Security Act, domestic service includes services by governesses and babysitters); 29 C.F.R. §§ 552.3 and 552.101 (1991) (under Fair Labor Standards Act, domestic service employees include governesses and babysitters). *See also Smith v. Ford,* 472 So.2d 1223 (Fla.App.1985); *Hayes v. Moss,* 527 So.2d 373 (La.App.1988). *But see Nelson v. Bradshaw,* 791 P.2d 485 (Okla.App.1990) (practical nurse hired to care for invalid is not a domestic servant). We conclude that child care is "domestic work" within the scope of § 8–40–302(4).

This conclusion is consistent with the purpose of the domestic work exception to the Workers' Compensation Act. Employers who employ others to perform domestic work in the employers' homes are excepted from the Act because, unlike employers engaged in a business, they cannot pass along the cost of workers' compensation coverage to consumers. 1C A. Larson, *Workmen's Compensation Law* §§ 50.22, 50.25, and 50.30 (1991). That limitation remains whether the work is housework or care of members of the household. *See Crush v. Kaelin,* 419 S.W.2d 142 (Ky.1967); *Gunter v. Mersereau, supra; Weather-*

*ford v. Arter*, 135 W.Va. 391, 63 S.E.2d 572 (1951).

*Melnick v. Industrial Commission*, 656 P.2d 1318 (Colo.App.1982) does not require a different result. Although there it was held that a nurse's aide hired to care for an invalid in her home was an employee covered by the Workers' Compensation Act, the domestic work exception was not at issue. Moreover, *Melnick* and the foreign cases on which Connor relies, *McCallister v. Workers' Compensation Appeals Board*, 61 Cal.App.3d 524, 132 Cal.Rptr. 527 (1976); *Nelson v. Bradshaw, supra;* and *Viola v. Workmen's Compensation Appeal Board*, 121 Pa.Cmwlth. 47, 549 A.2d 1367 (1988), are distinguishable because of the specialized nature of invalid care, which is more in the nature of nursing than of ordinary domestic work.

The order is affirmed.

SMITH and TURSI, JJ., concur.